IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES E. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-50-T |
| | ) |
| JO ANNE B. BARNHART, Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Bacharach recommends affirmance of a final decision of the Commissioner of Social Security awarding Plaintiff disability benefits for a closed period ending February 3, 1997. Plaintiff has timely filed a written objection. Thus the Court must make a de novo determination of any finding to which specific objection is made, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff raises four specific objections to the Report.[1] He contends: (1) Judge Bacharach does not adequately address Plaintiff's argument that the administrative law judge (ALJ) failed properly to consider the medical evidence; (2) Judge Bacharach does not adequately address

---

[1] Plaintiff also "reasserts all arguments made in his Brief of His Statement of Position with Authorities filed on June 20, 2005, and incorporates said brief by reference." (Pl.'s Objection, at 1.) The court of appeals has adopted a "firm waiver" rule that requires a specific objection; Plaintiff's general reference to all arguments in his opening brief is insufficient to preserve a particular issue for further review. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court"); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (affirming similar Sixth Circuit rule).

Plaintiff's argument that he lacks the residual functional capacity (RFC) for substantial gainful activity; (3) Judge Bacharach does not adequately address Plaintiff's argument that the ALJ relied on "incompetent" vocational testimony; and (4) Judge Bacharach does not adequately address Plaintiff's argument that the ALJ erred in his assessment of Plaintiff's credibility concerning his subjective complaints of disabling pain and impairments.

Plaintiff's objections, and the arguments made in support of them, mirror his opening brief. The Court has independently considered Plaintiff's points of error and supporting arguments and has reviewed pertinent parts of the administrative record. After so doing, the Court reaches the same conclusions stated in the Report. The Court finds to be unfounded Plaintiff's contention that Judge Bacharach "failed to understand his argument fully" on key points. (Pl.'s Objection, at 1, 8.)

First, the ALJ properly applied the medical improvement standard to the record evidence. The Court rejects Plaintiff's claim that the ALJ's finding of improvement as of February 4, 1997, lacks sufficient analysis and is unsupported by substantial evidence. Plaintiff argues that the ALJ failed to link his finding to specific medical evidence and that Judge Bacharach wrongly concluded the ALJ drew reasonable inferences from the evidence. Plaintiff contends that "reasonableness" is an incorrect standard by which to judge the ALJ's finding. Beyond question, however, substantial evidence means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (additional quotations omitted). The initial determination of disability was based on a combination of musculoskeletal and neurological conditions for which Plaintiff received numerous surgical treatments. The last treating physician, Dr. Robert Unsell, released Plaintiff from his care on January 6, 1997, and recommended no further treatment but imposed permanent work restrictions due to Plaintiff's "residual symptomatology" that "he will have to live with." (R. 302.) Plaintiff did not seek further medical treatment for his conditions after that

date but did receive subsequent medical examinations, which consistently found that Plaintiff could not return to his past work but was capable of "lighter" work with retraining. In short, the record shows a change (improvement) in medical severity of Plaintiff's impairments. The question becomes whether the ALJ properly assessed Plaintiff's RFC based on the lessened severity of his impairments.

Second, the Court finds substantial evidence to support the ALJ's assessment of Plaintiff's RFC for less than a full range of sedentary work on February 4, 1997. Dr. Unsell's report, as well as the comprehensive report of Dr. John Ellis, who examined Plaintiff on February 3, 1997, fully support the work restrictions found by the ALJ. In fact, the only RFC finding challenged by Plaintiff is the ALJ's implicit determination that Plaintiff was capable of substantial gainful activity. Plaintiff makes a conclusory assertion that he is incapable of such activity (Pl.'s Objection, at 8), which is contrary to his treating physician's final recommendation for vocational rehabilitation and "light sedentary work." (R. 302.)

Third, the Court finds the ALJ properly relied on the vocational expert's testimony. Plaintiff would impose a rule that vocational testimony is "incompetent" and should be disregarded where the ALJ fails to reconcile a discrepancy between the expert's testimony and the Dictionary of Occupational Titles. The perceived discrepancy here is between a hypothetical question posed by the ALJ, which assumed limitations on repetitive hand movements, and one job identified by the vocational expert, answering service operator (DOT, No. 235.662-026). The expert also identified two other jobs, however, that are not alleged to be inconsistent with the RFC found by the ALJ.[2]

---

[2] The Court notes the RFC findings made by the ALJ do not specifically mention hand movements but only a limited ability to use "upper extremities" for "reaching and lifting above chest level, and . . . for repetitive movements." (R. 394, 395-96.) Plaintiff's treating physician mentioned no restriction on hand movements; he actually recommended "light sedentary activities, preferably a job where . . . [Plaintiff] can do fine repetitive activities." (R. 302.)

The Court is unpersuaded by Plaintiff's argument that the ALJ's failure to explore and explain, as required by *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999), a single point of alleged conflict requires automatic reversal of the ALJ's decision.

Finally, the Court finds the ALJ adequately explained his credibility assessment of Plaintiff's testimony concerning subjective complaints. Rather than simply listing relevant factors, as alleged by Plaintiff, the ALJ discussed relevant evidence of record, including: Plaintiff's taking only over-the-counter medication; his not seeking further medical treatment; "nothing to document the level of continuing symptomatology reported;" no medical evidence of Plaintiff's inability to use his hands; Plaintiff's daily activities; and "no evidence whatsoever" to support Plaintiff's complaints of severe fatigue, discomfort, and anxiety. (R. 393.) Judge Bacharach correctly states that a "factor-by-factor recitation" of evidence is not required. (Report & Recommendation at 7, *quoting White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001).)

Therefore, the Court adopts Judge Bacharach's Report and Recommendation [Dkt. 27] in its entirety. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this 31st day of March, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE